# In the United States Court of Federal Claims

No. 22-881
Filed: May 9, 2023

_____
                                                    )
JULIO CESAR LOPEZ-PENA,            )
                                                    )
                         *Plaintiff*,    )
                                                    )
    v.                                         )
                                                    )
THE UNITED STATES,                 )
                                                    )
                         *Defendant*.   )
_____)

Julio Cesar Lopez-Pena, pro se.

Alison S. Vicks, with whom were Elizabeth M. Hosford, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for the United States.

## OPINION AND ORDER

**MEYERS, Judge**.

      The United States has prosecuted and convicted Mr. Lopez-Pena in the U.S. District Court for the Southern District of New York. His conviction has survived appeal and collateral challenges in the United States Court of Appeals for the Second Circuit. Mr. Lopez-Pena now sues to challenge his conviction and incarceration. Because this Court lacks jurisdiction over Mr. Lopez-Pena's claims, the Government's motion to dismiss is granted.

**I.     Background**

      Mr. Lopez-Pena is currently incarcerated in a federal prison. ECF No. 1 at 1 ¶ 2.[1] In 2007, Mr. Lopez-Pena was convicted of conspiracy to distribute cocaine with the intent and knowledge that it would be imported into the United States. *United States v. Lopez-Pena*, No. S1 05 CR. 191(DC), 2008 WL 2169657, at *1 (S.D.N.Y. May 23, 2008). The district court sentenced Mr. Lopez-Pena to 540 months in prison. *See United States v. Sanpedro*, 352 F. App'x 482, 485 (2d Cir. 2009) (Lopez-Pena challenging 45-year sentence). The district court then denied Mr. Lopez-Pena's motion for a new trial. *Lopez-Pena*, 2008 WL 2169657, at *4.

---

[1] Because the complaint restarts numbering paragraphs with new sections, the Court refers to the page number and paragraph when citing the complaint.

The Second Circuit affirmed the conviction. *Sanpedro*, 352 F. App'x at 487. The Supreme Court denied certiorari. *Lopez-Pena v. United States*, 559 U.S. 1021 (2010).

Mr. Lopez-Pena has filed numerous unsuccessful challenges to his conviction and incarceration. *E.g.*, *United States v. Lopez-Pena*, No. 10 Civ. 7381 (DC), 2011 WL 1676286, at *4 (S.D.N.Y. May 2, 2011) (denying motion to set aside sentence under 28 U.S.C. § 2255). Mr. Lopez-Pena sought relief from the denial of habeas under Fed. R. Civ. P. 60(b)(6), which the district court denied. *United States v. Lopez-Pena*, No. 05 Cr. 191 (DC), 2018 WL 4006803, at *1 (S.D.N.Y. Mar. 7, 2018). He has sought to have his sentence reduced from 45 to 30 years, which the district court denied. *United States v. Lopez-Pena*, No. 05 Cr. 00191-001 (DC), 2016 WL 11472633, at *3 (S.D.N.Y. May 11, 2016). The Second Circuit affirmed the denial of the motion to reduce Mr. Lopez-Pena's sentence. *United States v. Lopez-Pena*, No. 20-4056-cr, 2022 WL 2057581, at *1 (2d Cir. June 8, 2022). Mr. Lopez-Pena sought relief in the U.S. District Court for the District of Columbia, and for an investigation into the judges that have reviewed his cases. *Lopez-Pena v. Garland*, No. 20-1889 (RDM), 2021 WL 2188127, at *1 (D.D.C. May 28, 2021). Additional challenges have also been unsuccessful.

Mr. Lopez-Pena now brings this action to have this Court determine "whether the government even had probable cause to arrest him, subject matter jurisdiction over him, an indictment which is facially 'fair' standing upon the requirements of the constitution, and whether withholding these documents, if they exist, until after the conviction is a due-process violation." ECF No. 1 at 2 ¶ 6. Asserting that his conviction is improper, Mr. Lopez-Pena seeks a declaratory judgment under 28 U.S.C. § 2201 ordering the Government to release him from prison immediately and monetary damages of $80,001. ECF No. 1 at 2-3 ¶¶ 10-13. The Government moves to dismiss.

## II.      Standard of Review

Lopez-Pena bears the burden of establishing this Court's jurisdiction over his claims by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Despite the leniency afforded to pro se plaintiffs, Mr. Lopez-Pena must still meet his burden to establish the Court's subject matter jurisdiction. *E.g.*, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

When considering a motion to dismiss, the Court assumes that well-pleaded allegations are true and construes those facts in the light most favorable to Lopez-Pena. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Grayton v. United States*, 92 Fed. Cl. 327, 331 (2010). Because Lopez-Pena is not a lawyer, the Court holds his complaint to a "less stringent standard." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

## III.     Discussion

Even accepting all Mr. Lopez-Pena's factual allegations as true and in the light most favorable to him, the Court must dismiss the complaint. First, this Court lacks jurisdiction to review the decisions of the district court, the Second Circuit, and the Supreme Court. *E.g.*, *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). As detailed above, Mr. Lopez-Pena has challenged his conviction and sentence in numerous courts and this Court may not review any of those decisions because "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015).

Second, Mr. Lopez-Pena attempts to get around this lack of jurisdiction by arguing that he is not asking this Court to review prior court decisions, but rather issues preceding his conviction. ECF No. 1 at 2 ¶¶ 6, 8. For example, he seeks a declaration that the Government lacked probable cause to arrest him and violated his due process rights. Even if these issues have not been resolved by the courts presiding over his criminal case, this Court still cannot hear Mr. Lopez-Pena's claims because it lacks jurisdiction to hear criminal matters. *Braho v. Not Identified*, 99 Fed. Cl. 355, 362 (2011) (collecting cases).

Third, Mr. Lopez-Pena's inability to get a certificate of innocence deprives this Court of jurisdiction to hear his claims under 28 U.S.C. § 1495, which grants jurisdiction to this Court over claims "for damages by any person unjustly convicted of an offense against the United States and imprisoned." But this jurisdiction does not allow this Court to declare that a prisoner is unjustly convicted; rather, to bring a claim Mr. Lopez-Pena must, among other things, "allege and prove" that "[h]is conviction has been reversed or set aside . . . ." 28 U.S.C. § 2513(a)(1). But Mr. Lopez-Pena is still incarcerated and all his challenges to his conviction have failed. *See, e.g.*, *Lopez-Pena*, 2022 WL 2057581, at *2 (affirming denial of motion to reduce sentence).

Because his conviction has withstood many challenges, Mr. Lopez-Pena cannot obtain a certificate of innocence, which is required to establish that Lopez-Pena's conviction had been set aside and that he was actually innocent of the charges against him. *See* 28 U.S.C. § 2513(b). Without a certificate of innocence or any feasible possibility of obtaining one, this Court lacks jurisdiction to hear an unjust conviction claim. *Lucas v. United States*, 228 Ct. Cl. 862, 863 (1981) ("Where . . . no showing is made that [the] plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this court will not entertain the claim.") (citation omitted); *McMurry v. United States*, 228 Ct. Cl. 897, 898 (1981) (holding that this Court lacks jurisdiction over claims for unjust imprisonment absent a certificate of innocence). Here, Mr. Lopez-Pena's inability to obtain a certificate of innocence compels dismissal. *Brewer v. United States*, No. 2021-1872, 2023 WL 2233717, at *2 (Fed. Cir. Feb. 27, 2023) ("We agree with the Court of Federal Claims that Mr. Brewer's claim for monetary relief under § 1495 cannot succeed without him having been granted a certificate of innocence.").

Finally, to the extent that Mr. Lopez-Pena raises tort claims—*e.g.*, false imprisonment—this Court lacks jurisdiction to hear them because its jurisdiction only extends to cases "not sounding in tort." 28 U.S.C. § 1491(a)(1). Nor does the due process clause provide jurisdiction over any of Mr. Lopez-Pena's claims. *E.g.*, *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). And this Court lacks

authority to issue declaratory relief under the Declaratory Judgment Act. *United States v. King*, 395 U.S. 1, 3-4 (1969).

Thus, this Court lacks jurisdiction to review Mr. Lopez-Pena's conviction, order his release, or enter a monetary judgment in his favor.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Government's motion to dismiss, ECF No. 11. The Court also GRANTS the Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 8. The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

                                                s/ Edward H. Meyers
                                                Edward H. Meyers
                                                Judge